UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cr-100 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| DAVID GENE LOPEZ, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on September 5, 2007, after receiving the written consent of defendant and all counsel. At the hearing, defendant David Gene Lopez entered a plea of guilty to count 1 of the Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to count 1 of the Indictment be accepted and that the court adjudicate defendant guilty of the charge. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

The Clerk is directed to procure a transcript of the plea hearing for review by the District Judge.

Dated:  September 5, 2007            /s/  Joseph G. Scoville
                                     U.S. Magistrate Judge

**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).  A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).